**FILED**
CLERK, U.S. DISTRICT COURT

1/11/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CDO_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JUAN LEON ROMO and<br>EDWARD EUGENE JONES,<br><br>          Defendants. | CR No. 5:24-cr-00014-SSS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii), (b)(1)(A)(vi),<br>(b)(1)(B)(i), (b)(1)(C):<br>Distribution and Possession with<br>Intent to Distribute<br>Methamphetamine, Fentanyl, Heroin,<br>and Cocaine; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of Ammunition; 18 U.S.C.<br>§ 924(c)(1)(A)(i): Possession of a<br>Firearm in Furtherance of a Drug<br>Trafficking Crime; 18 U.S.C.<br>§ 924(d)(1), 21 U.S.C. § 853, and<br>28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about September 28, 2022, in Los Angeles County, within the Central District of California, defendants JUAN LEON ROMO and EDWARD EUGENE JONES, each aiding and abetting the other, knowingly

and intentionally distributed at least 50 grams, that is, approximately 1,814 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT ROMO]

On or about October 5, 2022, in Los Angeles County, within the Central District of California, defendant JUAN LEON ROMO knowingly and intentionally distributed at least 40 grams, that is, approximately 114.1 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

3

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANT ROMO]

On or about November 2, 2022, in San Bernardino County, within the Central District of California, defendant JUAN LEON ROMO, and an individual known to the Grand Jury, aiding and abetting each other, knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT ROMO]

On or about November 10, 2022, in San Bernardino County, within the Central District of California, defendant JUAN LEON ROMO knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 5,065 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i)]

[DEFENDANT ROMO]

On or about November 10, 2022, in San Bernardino County, within the Central District of California, defendant JUAN LEON ROMO knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 455 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

6

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT ROMO]

On or about November 10, 2022, in San Bernardino County, within the Central District of California, defendant JUAN LEON ROMO knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

7

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT ROMO]

On or about November 10, 2022, in San Bernardino County, within the Central District of California, defendant JUAN LEON ROMO knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[18 U.S.C. § 922(g)(1)]

[DEFENDANT ROMO]

On or about November 10, 2022, in San Bernardino County, within the Central District of California, defendant JUAN LEON ROMO knowingly possessed the following ammunition, in and affecting interstate and foreign commerce:

(1)  Fifty rounds of Cascade Cartridges .45 caliber ammunition;

(2)  Seventeen rounds of Sellier and Bellot .45 caliber ammunition;

(3)  Nine rounds of CBC .45 caliber ammunition;

(4)  Thirty-eight rounds of Winchester .45 caliber ammunition;

(5)  Twenty-one rounds of Federal .45 caliber ammunition;

(6)  Four rounds of Remington .45 caliber ammunition;

(7)  Two rounds of Armscorp .45 caliber ammunition;

(8)  Four rounds of GFL .45 caliber ammunition;

(9)  Five rounds of Speer .45 caliber ammunition;

(10) Two rounds of PMC .45 caliber ammunition;

(11) Two rounds of X-Treme .45 caliber ammunition;

(12) Two rounds of LAX .45 caliber ammunition;

(13) One round of Aguila .45 caliber ammunition;

(14) One round of Geco .45 caliber ammunition;

(15) One round of Fiocchi Munizioni .45 caliber ammunition;

(16) One round of Fiochhi .45 caliber ammunition;

(17) One round of MaxxTech .45 caliber ammunition;

(18) One round of Browning .45 caliber ammunition; and

(19) Four rounds of Winchester 9mm ammunition.

9

Defendant JUAN LEON ROMO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1)    Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of San Bernardino, Case Number FVA800567, on or about May 12, 2008;

(2)    Transportation of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11352(a), in the Superior Court for the State of California, County of San Bernardino, Case Number FVA1302174-2, on or about July 31, 2014;

(3)    Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court for the State of California, County of San Bernardino, Case Number FVA1302174-2, on or about July 31, 2014; and

(4)    Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a), in the Superior Court for the State of California, County of San Bernardino, Case Number FVA1302174-2, on or about July 31, 2014.

COUNT NINE

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT ROMO]

On or about November 10, 2022, in San Bernardino County, within the Central District of California, defendant JUAN LEON ROMO knowingly possessed a firearm, namely, a .45 caliber semiautomatic pistol with no serial number (commonly referred to as a "ghost gun"), in furtherance of a drug trafficking crime, namely, possession with intent to distribute fentanyl, heroin, methamphetamine, and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), as charged in Counts Four, Five, Six, and Seven of this Indictment.

11

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

[ALL DEFENDANTS]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendants' conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2.    The defendants, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

12

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

[DEFENDANT ROMO]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant JUAN LEON ROMO's convictions of the offenses set forth in any of Counts Eight or Nine of this Indictment.

2.    Defendant JUAN LEON ROMO, if so convicted, shall forfeit to the United States of America the following:

        (a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

        (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

14

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MICHAEL J. MORSE
Assistant United States Attorney
Public Corruption & Civil Rights
Section